IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL GRAE WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1836 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of August, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for child disability benefits under section 223(d) of the Social Security Act, 20 C.F.R. § 404.350, *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Administrative Law Judge ("ALJ"), pursuant to her November 6, 2019 decision, found that Plaintiff was disabled as of September 16, 2018, and therefore granted Plaintiff's

1

claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.* However, the ALJ denied Plaintiff's claim for child disability benefits, which required a finding that Plaintiff was disabled prior to attaining the age of 22, in this case September 30, 2012. Plaintiff challenges this second finding, arguing that the ALJ erred in finding that he had no severe impairments prior to turning 22. The Court disagrees and finds that substantial evidence supports the ALJ's determination that Plaintiff did not establish any severe impairments prior to September 30, 2012.

At Step Two of the Social Security Administration's sequential analysis, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. *See* 20 C.F.R. § 404.1520(c). Plaintiff bears the burden of proof at this step. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). An impairment is "not severe" where the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities, including *inter alia*, understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1522(b); Social Security Ruling 85-28, 1985 WL 56856 (S.S.A.), at *3 (1985); *Newell v. Commissioner of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28). It is true that Step Two is a *de minimus* screening device to dispose of groundless claims, *see Newell*, 347 F.3d at 546, but even under this lenient standard, the Court finds that the ALJ's decision that Plaintiff did not exhibit any severe impairments prior to turning 22 was supported by substantial evidence.

Plaintiff's primary contention is that one of the severe impairments that he later established, autism spectrum disorder, is generally a condition existent through one's life, and that, therefore, he would have suffered from the same condition prior to turning 22. He further argues that the evidence of symptoms and treatment from prior to September 30, 2012, confirms that he suffered from severe impairments before turning 22, pointing to records from 2010 through 2012. The Court finds no merit in this argument.

The Court notes at the outset, that the mere existence of a diagnosis does not equate to a severe impairment. *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. 2004). Therefore, it does not matter whether Plaintiff could have been diagnosed with autism spectrum disorder, or any other disorder, before turning 22, but rather whether any such condition had more than a minimal effect on his ability to perform basic work activities. *See Perez v. Commissioner of Soc. Sec.*, 521 Fed. Appx. 51, 54-55 (3d Cir. 2013). Indeed, even if the Court were to assume that Plaintiff's later diagnoses relate back to the relevant period, a finding of these diagnoses alone would not complete the statutory analysis necessary at Step Two, as it would not reveal the degree of functional limitation resulting from Plaintiff's impairments. *See Maddaloni v. Commissioner of Soc. Sec.*, 340 Fed. Appx. 800, 802 (3d Cir. 2009). Rather, the ALJ must apply the "special technique" and consider the four broad categories identified in Listing 12.00C in rating Plaintiff's degree of functional limitation from his mental impairments – (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting and managing himself – to determine the severity of the mental impairments. *See* 20 C.F.R. §§ 404.1520a(c)(3), (d). The

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 22) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

ALJ did just that and found that Plaintiff suffered mild or no limitations acording to these criteria, and properly found, therefore, that his impairments were not severe. (R. 31-32). The Court cannot say that substantial evidence does not support this finding.

Indeed, the ALJ expressed awareness that autism spectrum disorder "is generally recognized as a lifelong condition." (R. 31). Nonetheless, the ALJ stated that, even assuming such a diagnosis applied prior to Plaintiff turning 22, it did not constitute a severe impairment. (*Id.*). She carefully considered the records from the relevant time period and found that they showed only limited, sporadic treatment; less serious subjective complaints than those raised later, including a lack of claims regarding sensory processing; and that Plaintiff maintained the ability to manage college and a part-time job at the time, and further noted that the evidence demonstrated significant later worsening of the condition. (R. 30-31). The ALJ recognized and discussed that most of the record evidence related to a much later time period. (R. 30). Therefore, she found that, even assuming Plaintiff suffered from autism spectrum disorder and/or any other disorder before turning 22, these conditions did not constitute severe impairments. The Court finds this explanation to be more than adequate and supported by substantial evidence.

Other than asking the Court to assume his autism constituted a severe impairment essentially his whole life, all Plaintiff does is to point to evidence that, at best, shows minor issues in functioning during the relevant time. Even if the Court did find this evidence persuasive in regard to Plaintiff's position – which it really does not – it emphasizes that "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Commissioner of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Here, the ALJ considered and discussed all of the evidence from the relevant time period, and substantial evidence supports her findings. Accordingly, for the reasons set forth herein, the Court affirms.